1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AUTOMOTIVE INDUSTRIES PENSION
TRUST FUND, AUTOMOTIVE
INDUSTRIES WELFARE TRUST FUND,
JAMES H. BENO, Trustee, BILL
BRUNELLI, Trustee, STEPHEN J.
MACK, Trustee, CHRIS
CHRISTOPHERSEN, Trustee, DON
CROSATTO, Trustee, MARK
HOLLIBUSH, Trustee, JON ROSELLE,
Trustee, DOUGLAS CORNFORD,
Trustee, and JAMES V. CANTERBURY,
Trustee,

        Plaintiffs,

  v.

TOM'S REFRIGERATION SERVICE,
INC., a California corporation,

        Defendant.

                              /

No. C 11-00563 WHA

**ORDER PARTIALLY
GRANTING PLAINTIFFS'
MOTION FOR DEFAULT
JUDGMENT**

**INTRODUCTION**

     In this action under the Employee Retirement Income Security Act and Labor

Management Relations Act, plaintiffs move for default judgment. For the following reasons, the

motion is **GRANTED IN PART**.

**STATEMENT**

     The facts alleged by plaintiffs are as follows. Plaintiffs are the Board of Trustees of the

Automotive Industries Welfare Fund and the Automotive Industries Pension Fund. The trust fund

plaintiffs are a multi-employer employee benefit plan within the meaning of 29 U.S.C. 1132.

Defendant Tom's Refrigeration Service, Inc. entered into collective bargaining agreements with the Machinists Automotive Trades District Lodge No. 190 of Northern California. These agreements were working agreements, pension agreements, and health and welfare agreements covering July 1, 2002, through June 30, 2008 (Schumacher Decl. ¶ 4 and Exhs. A, B). The agreements required defendant to do the following: (1) make monthly contributions to the trust funds on behalf of its covered employees; (2) pay interest on delinquent contributions as well as attorney's fees and liquidated damages; and (3) permit the trust funds to audit defendant's records to determine whether defendant satisfied all payment obligations. If an audit revealed that not all required contributions had been made, defendant would be liable for the costs of the audit in addition to its other payment obligations (Compl. ¶ 22).

Defendant, however, failed to pay contributions to either the welfare trust fund or the pension trust fund for five employees from the period of January 2004 through June 2008. In October 2008, an auditor served a report on defendant, who did not dispute the findings. In November 2008, the trust fund demanded payment of defendant's delinquent contributions, with interest of 10%, liquidated damages of 10%, and payment of the auditing expenses. The trust fund warned that if payment were not made within 15 days, liquidated damages would increase to 20%, and that court costs and attorney's fees might be recoverable in the event a lawsuit were filed (Dkt. No. 26 at 5).

Four of the five employees signed agreements absolving defendant of its payment obligations to the welfare trust fund. The following payment obligations, however, remain due: (1) $46,396.00 to the welfare trust fund for one employee for unpaid contributions; and (2) $79,815.70 to the pension trust fund for all five employees for unpaid contributions (*id.* at 6).

Plaintiffs filed this action and properly served defendant in February 2011 (Dkt. Nos. 1, 4). The clerk entered default against defendant in June 2011 (Dkt. No. 23). The instant motion for default judgment was filed in June 2011, with a hearing noticed for August 11, 2011. Defendant was notified of the hearing but made no appearance.

# ANALYSIS

## 1.    DEFAULT JUDGMENT.

FRCP 55(b)(2) permits a court, following an entry of default, to enter default judgment against a defendant.  "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The scope of relief allowed through default judgment is limited by FRCP 54(c), which states that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

District courts must consider several factors when exercising discretion to award default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

After entry of default, well-pled allegations in the complaint regarding liability are taken as true, except as to amount of damages.  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Defendant never answered or otherwise responded to the complaint, so none of the material liability facts are disputed.  Indeed, because these facts are easily verifiable with reference to the contracts and payment records, it is unlikely that they would be disputed.  The facts set forth in the complaint sufficiently state claims for relief for breach of a collective bargaining agreement pursuant to ERISA (29 U.S.C. 1132, 1145) and the Labor Management Relations Act (29 U.S.C. 185).  Consequently, *Eitel* factors two, three, and five weigh in favor of the entry of default judgment.  For the following reasons, each of the remaining factors also favors entry of default judgment.

*First*, if the motion were denied, plaintiffs would be without a remedy.  Declining to enter a default judgment therefore would result in prejudice to plaintiffs.

*Second*, the sum of money at stake is moderate.  A large sum would disfavor default judgment.  *See Eitel*, 782 F.2d at 1472 (finding that, in light of the parties' dispute as to material facts, having a $2,900,000 judgment at stake supported a decision not to enter default judgment).

Plaintiffs here seek a total judgment of $269,487.81. Although a substantial amount, this is a far cry from the $2,900,000 sum contemplated in *Eitel*.

*Third*, it is unlikely that default was the result of excusable neglect. This action was filed back in February 2011, and defendant was properly served at that time — a full five months ago. Defendant presumably was aware of its payment obligations and was put on fair notice of this action against it.

*Fourth*, although federal policy favors decisions on the merits, Rule 55(b)(2) permits entry of default judgment in situations such as this where a defendant refuses to litigate.

After consideration of all of the *Eitel* factors, this order finds that the entry of default judgment is warranted.

###   2.   DETERMINATION OF RELIEF.

When judgment is entered against an employer who is found liable for delinquent contributions, an award of unpaid contributions, interest, liquidated damages, and reasonable attorney's fees and costs, as provided in the agreement, is mandatory. 29 U.S.C. 1132(g)(2); *Northwest Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996). Plaintiffs in this action seek the following relief: (1) $126,211.70 in unpaid contributions; (2) $65,384.88 in unpaid interest; (3) $65,384.88 in liquidated damages; (4) $2,323.40 for compliance testing; and (5) $10,182.95 in costs and attorney's fees. The total judgment sought is $269,487.81.

###   A.   Unpaid Contributions.

Based on the "compliance testing" audit for the period from January 1, 2004, through June 30, 2008, plaintiffs ask for $126,211.70 in unpaid contributions (Schumacher Decl. ¶ 14). The total underpayment listed in the compliance testing report is consistent with the amount claimed (Whittemore Exh. A). Plaintiffs' request for unpaid contributions is adequately supported. It is therefore **GRANTED**.

###   B.   Interest.

Interest on unpaid contributions must be calculated "by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26." 29 U.S.C. 1132(g)(2)(E).

Simple interest is owed at 10% per annum on the unpaid audit amount (Schumacher Decl. ¶ 12 and Exh. E). Here, plaintiffs claim $65,384.88 in interest (Schumacher Exh. G at 1–2). This rate is reasonable and was agreed to by defendant when it signed the contracts (Schumacher Exh. E). Plaintiffs' request for interest is **GRANTED**.

### C. Liquidated Damages.

In addition to unpaid contributions, interest thereon, and reasonable attorney's fees and costs, "the court *shall* award the plan . . . an amount equal to the greater of-- (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent." 29 U.S.C. 1132(g)(2) (emphasis added). Here, the plan provides for liquidated damages at the rate of 20% of unpaid contributions (Schumacher Exh. E at 1). Because that sum would be less than the amount of unpaid interest, plaintiffs request liquidated damages in an amount equal to the interest — $65,384.88. The support for this request was questioned at the hearing, but upon further review of the record and the relevant law, this order finds it to be proper. Plaintiff's request for liquidated damages is therefore **GRANTED**.

### D. Cost of Compliance Testing.

The trust agreement provides that if required contributions are not made and an audit becomes necessary, the employer is liable for the costs of the audit (Schumacher Decl. ¶ 12, Exh. C at 18). Plaintiffs seek $2,323.40 for compliance testing, an amount supported by the record (Whittemore Exh. A at 7). This request is **GRANTED**.

### E. Attorney's Fees and Costs.

Plaintiffs seek $8,571.20 in attorney's fees through June 28, 2011, $1,000 in attorney's fees in connection with preparation for and attendance at the hearing on this motion, and $611.75 in costs, for a total of $10,182.95 (Dkt. No. 26 at 18). Plaintiffs have submitted adequate documentation detailing the costs and fees incurred thus far (Miller Exh. A). The $1,000 request for preparation and attendance at the hearing, however, is excessive and will be reduced to $500. Plaintiffs' request for attorney's fees and costs is **GRANTED IN PART** in the amount of $9,682.95.

**CONCLUSION**

For the above reasons, plaintiffs' motion for entry of default judgment is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs may recover the following: (1) $126,211.70 in unpaid contributions; (2) $65,384.88 in unpaid interest; (3) $65,384.88 in liquidated damages; (4) $2,323.40 for compliance testing; and (5) $9,682.95 in attorney's fees and costs, for a total amount of $268,987.81. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: August 12, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE